IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY THOMAS,

      Petitioner,

v.                                    CASE NO. 4:07-cv-00473-MP-EMT

JAMES MCDONOUGH, WALTER A MCNEIL,

      Respondents.

_____/

# O R D E R

This matter is before the Court on Doc. 27, Report and Recommendation of Magistrate Judge Timothy. Upon review of Mr. Thomas' *habeas corpus* petition, the Magistrate Judge has recommended the petition, Doc 1, be denied, and that a certificate of appealability also be denied. Mr. Thomas has objected to that recommendation, Doc. 28, so the Court will review all objected-to analysis *de novo*. The Magistrate Judge's analysis begins with the relevant background, procedural history, and standards of review, which are as follows:

## I. BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (see Doc. 13, Exhibits).[1] Petitioner was indicted in the Circuit Court for Leon County, Florida, for first degree murder (a capital felony) and armed robbery with a firearm (a first degree felony) (Ex. B at 19). The defense filed a motion to preclude the State from seeking the death penalty, and the State did not contest that it was prohibited as a matter of law from seeking the death penalty against Petitioner (*id*. at 218–24).

---

[1] All citations to the state court record refer to exhibits submitted with Respondent's Answer, Doc. 13.

The case proceeded to a jury trial (Ex. C). The court granted a judgment of acquittal on premeditated murder (Ex. C at 1004–06), and the case went to the jury on first degree felony murder and armed robbery with a firearm (*id*.). The jury found Petitioner guilty of manslaughter and armed robbery with a firearm (Ex. B at 270–71, Ex. C at 1200). On October 9, 2003, Petitioner was sentenced to life imprisonment on the armed robbery count and a concurrent term of fifteen (15) years of imprisonment on the manslaughter count, with pre-sentence jail credit of 1,294 days (Ex. B at 279–85; Ex. D). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"). On March 14, 2005, the First DCA affirmed the judgment of conviction per curiam without written opinion (Ex. I). Thomas v. State, 895 So. 2d 1072 (Fla. 1st DCA 2005) (Table). Petitioner did not seek further review by the Florida Supreme Court or the United States Supreme Court.

On August 11, 2005, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the trial court (Ex. J at 1–32). The trial court denied the motion on September 7, 2005 (id. at 33–34). Petitioner appealed the decision to the First DCA. On February 16, 2006, the First DCA affirmed per curiam without written opinion, with the mandate issuing March 14, 2006 (Exs. K, L, M). Thomas v. State, 924 So. 2d 818 (Fla. 1st DCA 2006) (Table).

On March 30, 2006, Petitioner filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel (Ex. N). The First DCA denied the petition on the merits on May 23, 2006, and denied Petitioner's motion for rehearing on June 19, 2006 (Exs. O, P). Thomas v. State, 931 So. 2d 175 (Fla. 1st DCA 2006). Also on March 30, 2006, Petitioner filed a second Rule 3.850 motion in the trial court (Ex. Q at 1–30). The trial court denied the motion on April 11, 2006 (*id*. at 40–46). Petitioner appealed the decision to the First

DCA. On October 23, 2006, the First DCA affirmed per curiam without written opinion, with the

mandate issuing December 29, 2006 (Exs. T, U).  Thomas v. State, 944 So. 2d 356 (Fla. 1st DCA

2006) (Table).

On April 10, 2006, Petitioner filed a motion to correct illegal sentence, pursuant to Rule

3.800(a) of the Florida Rules of Criminal Procedure, in the trial court (Ex. V at 1–4).  The trial

court denied the motion on April 12, 2006 (*id*. at 5). Petitioner appealed the decision to the First

DCA on May 10, 2006.  On October 4, 2006, the First DCA affirmed per curiam without written

opinion, with the mandate issuing October 31, 2006 (Exs. W, X, Y).  Thomas v. State, 939 So.

2d 1065 (Fla. 1st DCA 2006) (Table).

Petitioner filed the instant habeas action on September 4, 2007 (Doc. 1 at 30).[2]

Respondent concedes that the petition is timely (Doc. 13 at 5).

II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application

for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

court" upon a showing that his custody is in violation of the Constitution or laws of the United

States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential

standard for habeas review of state court decisions under § 2254 as brought about by the

Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110

Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless the

---

[2] Page references reflect the page numbers as enumerated in this Court's electronic docketing system, rather than those the parties may have assigned.

adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in

Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The appropriate

test was described by Justice O'Connor as follows:

In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id., 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S.

Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has

instructed that on any issue raised in a federal habeas petition upon which there has been an

adjudication on the merits in a formal State court proceeding, the federal court should first

---

[3] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established

federal law was objectively unreasonable." <u>Williams</u>, 529 U.S. at 409.  Whether a State court's

decision was an unreasonable application of legal principle must be assessed in light of the

record the court had before it.  <u>Holland v. Jackson</u>, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38,

159 L. Ed. 2d 683 (2004) (per curiam); *cf*. <u>Bell v. Cone</u>, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843,

1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court

in determining whether its decision was contrary to federal law).  An objectively unreasonable

application of federal law occurs when the State court "identifies the correct legal rule from

Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case"

or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme

Court case law to a new context." <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001).  The

State court's incorrect or erroneous application of clearly established law will be held to be

reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory

conclusion." <u>Williams</u>, 529 U.S. at 410–12.

      Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in

State court where that adjudication "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. § 2254(d)(2).  The Supreme Court has clarified that: "a decision adjudicated on the merits

in a state court and based on a factual determination will not be overturned on factual grounds

unless objectively unreasonable in light of the evidence presented in the state-court proceeding."

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003)

(dictum).

      When performing its review under § 2254(d), the federal court must bear in mind that

any "determination of a factual issue made by a State court shall be presumed to be correct," and

the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* <u>Miller-El</u>, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); <u>Jones v. Walker</u>, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* <u>Panetti v. Quarterman</u>, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); <u>Jones</u>, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III.    PETITIONER's CLAIMS

Petitioner has objected to the Magistrate's analysis for Grounds One through Six. Petitioner does not object to the Magistrate's analysis on Ground Seven. The objected-to analysis will be discussed in the same order addressed by the Magistrate Judge (to which the objections conform)

    A.    <u>Ground One: "Deprivation of Rights as Secured by the Fifth and Fourteenth Amendments to the United States Constitution Through the Failure to Grant Motion to Suppress Statements."</u>

Petitioner contends that the statements used against him were impermissible as fruit of

the poisonous tree, because they were the product of an interview conducted subsequent to a

search or seizure for which there was no probable cause.  Therefore, Petitioner argues that the

trial court's decision not to suppress those statements violated his right to a fair trial.  The

Magistrate found that this claim is barred on federal *habeas corpus* review because Petitioner's

claim was given a full and fair hearing in the state courts.  Petitioner's counsel initially raised

this claim in the trial court in a motion to suppress, Ex. B at 34-51, and an evidentiary hearing

was held at which Petitioner presented testimony from three witnesses and the prosecutor

presented testimony from one witness, *id*. at 65-162.  Petitioner appealed the trial court's denial

of the motion to suppress to the First DCA, Ex. G.  The Magistrate concluded that, as a result,

this Court lacks authority to review that Fourth Amendment claim based on an allegation of a

lack of probable cause to support his arrest.  Stone v. Powell, 428 U.S. 465 (1976); *see also*

Devier v. Zant, 3 F.3d 1445, 1455 (11th Cir. 1993) (federal habeas court lacked authority to

review claims by defendant that his rights under Fourth Amendment were violated by alleged

arrest without probable cause because his claims were given a full and fair hearing in state

courts).

　　　Petitioner objects to this conclusion, stating that "Petitioner had a hearing were [sic] all

witnesses were state witnesses testifying in behalf of the state.  Petitioner never had an

Evidentiary Hearing on its merits [sic]. . .."  Doc. 28, p. 1.  Petitioner complains that the

evidentiary hearing held by the trial court on the motion to suppress was not on the merits

because he was not present.  That assertion is untrue.  At the hearing, on October 1, 2001,

Sergeant Leonard Reeves of the Leon County Sheriff's Office made an in-court identification of

Petitioner, who was seated at the defense table at the time.  Ex. B, p. 151[4].  Therefore, this argument of Petitioner is without merit.

Petitioner then complains also of a lack of notary seal on the probable cause affidavit supporting the arrest warrant.  The Magistrate Judge analyzed this claim, finding it barred because it was not raised in his petition, raising it for the first time in his reply brief, and because it has not been briefed fully, such that the government would be prejudiced were the Court to consider it.  Petitioner objects to this analysis, arguing that the lack-of-notary-seal argument is not a new one because the complained-of documents are involved in all of Petitioner's complaints.  While Petitioner may be correct that the complained-of documents were mentioned before, he is not entitled to relief because he did not complain of that particular defect in the documents until filing his reply brief.  It is because of his failure to raise the ground for relief, not for failure to discuss in other ways the documents in question, that Petitioner's complaint about the lack of notary seal is barred.

    B.    <u>Ground Two: "Deprivation of Rights as Secure by the Sixth and Fourteenth Amendments to the United States Constitution Through Ineffective Assistance of Trial Counsel, and Through Procedural Due Process."</u>

Petitioner argues his trial counsel provided ineffective assistance by failing to object to admission of an audiotape of a conversation between him and a confidential informant ("CI") on the grounds that it was partially inaudible.  (Doc. 1 at 6, 10-12).  Petitioner also argues that counsel should have objected to Detective Pinkard's testimony interpreting the audiotape as inadmissible hearsay.  (*id.*).  Petitioner argues that, had defense counsel objected to the prosecution admitting that evidence, there is a reasonable probability that Petitioner would have

---

[4] The page of the hearing transcript on which the identification is recorded is Bates-stamped 000140, and there are eleven pages in Exhibit B before the Bates-stamped pages begin.

received relief either from the jury or the appellate court.

The Magistrate Judge analyzed these claims, concluding that there is no reasonable probability the jury would have reached a different verdict had Petitioner's counsel objected to the audiotape or the testimony describing the conversation on the audiotape. Indeed, the audiotape revealed Petitioner's contemporaneous statements that led to the trial court's judgment of acquittal as a matter of law on the premeditated murder count. By not objecting to the prosecution's admission of the evidence, defense counsel retained the strategic advantage of addressing the jury last and avoiding rebuttal by the prosecution. Additionally, overwhelming evidence of both the robbery and the murder of the victim by Petitioner's co-defendant existed independent of the audiotape. Therefore, the state court's denial of Petitioner's claim of ineffective assistance of counsel based upon counsel's decision not to object to the prosecution's admission of the CI audiotape or Pinkard's testimony regarding it was not an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Petitioner objects to this analysis on numerous factual grounds. Many of these factual grounds pertain to testimony or evidence other than the CI audiotape, and are therefore not relevant to Ground Two. None of Petitioner's objections undermine the essential analysis of the Magistrate Judge: that since Petitioner's statements on the CI audiotape established he did not intentionally murder the victim, and because allowing the prosecution to introduce the tape defense counsel retained important strategic advantages, declining to object to the audiotape's admission or the testimony describing the conversation on the audiotape was not ineffective assistance of counsel. This Court therefore agrees with the Magistrate Judge's analysis of Ground Two, after thorough *de novo* review.

C.    Ground Five: "Deprivation of Rights as Secured by the Sixth and Fourteenth
      Amendments to the United States Constitution Through Denial of a Fair Trial and
      Procedural Due Process."

Petitioner argues that he was deprived of the right to a fair trial by an alleged error in the

trial court's instruction to the jury.  Specifically, the trial court instructed the jury as to principal

liability with regard to the robbery with a firearm count.  Petitioner argues that the indictment

did not put him on notice that the prosecution intended to proceed on a principal liability theory,

depriving him of the ability to prepare his defense.  The state court, upon state *habeas corpus*

review of Petitioner's second Rule 3.850 motion, (Ex. Q at 19-21), found that Petitioner was

fully prepared on the principal theory of liability (*id.* at 44).  Further, the state court found that

there was no possible confusion as to whether Petitioner was charged as a principal rather than

an accessory after the fact, because none of the evidence raised a mere "accessory" situation.

The Magistrate Judge did not find error in the trial court's instruction.

Petitioner objects to the Magistrate Judge's analysis on the grounds that he did not

personally understand the different theories of liability upon which he could be convicted.

Petitioner also argues in his objection on Ground Five that his counsel should have made

objections to the trial court's instructions.  The alleged ineffective assistance of counsel with

regard to the jury instructions makes up Ground Three of this petition, but Petitioner's direct

objection to Ground Five will be addressed first.

As the Magistrate Judge explained, charging an individual with a substantive crime

incorporates the commission of the crime as a principal under Florida law.  *See* State v. Roby,

246 So. 2d 566 (Fla. 1971) ("Under our statute, therefore, a person is a principal in the first

degree whether he actually commits the crime or merely aids, abets, or procures its commission,

and it is immaterial whether the indictment or information alleges that the defendant committed

the crime or was merely aiding or abetting in its commission, so long as the proof establishes that he was guilty of one of the acts denounced by the statute."). Because <u>Roby</u> was the law in Florida when Petitioner was tried, the trial court did not err in instructing the jury on the principal theory. Petitioner's personal understanding of the law, and his subjective personal notice of the law and the theories on which he could be convicted, are not relevant.

Additionally, as the Magistrate Judge noted, Petitioner does not allege the jury instruction was a misstatement of Florida law. Therefore, Petitioner has failed to demonstrate that the state court's denial of his due process claim was contrary to or an unreasonable application of clearly established federal law, or that it was based on an unreasonable determination of the facts. *See* <u>Mitchell v. Esparza</u>, 540 U.S. 12, 14 (2003). Therefore, Petitioner is not entitled to relief on Ground Five.

> D. <u>Ground Three: "Deprivation of Rights as Secured by the Sixth and Fourteenth Amendments to the United States Constitution Through Ineffective Assistance of Trial Counsel and Through Procedural Due Process."</u>

Petitioner argues that his trial counsel provided ineffective assistance by failing to object to the jury instructions regarding robbery with a firearm and principal liability, (Doc. 1 at 13, 14-16). After the Magistrate Judge concluded that Petitioner is not entitled to relief on this ground, his objections briefly mentioned the argument that his counsel was ineffective for failing to object to the jury instructions discussed in Ground Five, *supra*. As discussed above, the jury instructions themselves were not given in error. Petitioner is unable to show, therefore, a reasonable probability that the trial court would have properly sustained an objection to the instructions in question. He has thus failed to show that the state court's denial of this claim was contrary to or an unreasonable application of <u>Strickland</u>, or that it was based upon an unreasonable determination of the facts.

E.      Ground Four: "Deprivation of Rights as Secured by the Sixth and Fourteenth Amendments to the United States Constitution Through Ineffective Assistance of Trial Counsel, and Through Procedural Due Process."

Petitioner contends his trial counsel provided ineffective assistance by failing to move for a new trial on the grounds that the jury's verdict on the armed robbery with a firearm count was inconsistent with the evidence, (Doc. 1 at 13, 17-18).  The Magistrate Judge's analysis explained how Petitioner could be found guilty of armed robbery with a firearm as a principal, even though his weapon was not a firearm and the firearm-bearing robber was not him but one of his co-felons.  The Magistrate Judge also explained how the state court's review of this claim, raised as Ground Three in his second Rule 3.850 motion (Ex. Q at 17-18), was not contrary to or an unreasonable application of Strickland, nor was it based upon an unreasonable determination of the facts

In his objection to the Magistrate Judge's conclusion, Petitioner argues that the issue has never been settled, as the trial court expressed the issue should be raised on appeal, and the appellate court ruled that the objection should have been raised contemporaneously at the trial court level first.  He also repeats objections and complaints earlier analyzed, concerning his conviction of robbery with a firearm as a principal.  These objections do not address the finding of the state court in Petitioner's second Rule 3.850 motion on this point- that even if a new trial had been requested, that request would have been properly denied, and therefore defense counsel was not ineffective for failing to make it, (Ex. Q at 43).  Nor do the objections address the Magistrate Judge's review of that state court decision.

Upon review, this Court finds the Magistrate Judge's analysis of the state court decision for this Ground for relief to be accurate and to reach the correct conclusion.  Petitioner is not entitled to relief on Ground Four because even if his trial counsel had moved for a new trial, that

motion would properly have been denied. Therefore, counsel cannot have been ineffective for declining to move for a new trial based on alleged insufficiency of the evidence.

        F.        <u>Ground Six: "Deprivation of Rights as Secured by the Sixth and Fourteenth Amendments to the United States Constitution Through Ineffective Assistance of Trial Counsel, and Through Procedural Due Process."</u>

Petitioner contends his trial counsel provided ineffective assistance by failing to examine redacted audiotapes of Petitioner's interview with law enforcement and object to admission of the tapes on the ground that the tapes were inaccurate and an untrustworthy representation of Petitioner's actual statements, (Doc. 1 at 22-23). The Magistrate Judge noted that Petitioner raised this claim as Ground Five in his second Rule 3.850 motion, (Ex. Q at 22-25), and noted that Petitioner has failed to rebut the state court's factual finding that the redacted statements simply discussed Petitioner's illegal drug use, which would have been damaging to the defense and were redacted to improve Petitioner's defense at trial. The Magistrate Judge further noted that because the redacted statements would have been harmful to the defense, defense counsel certainly was not ineffective for declining to object to the redaction, and that the authenticity of the tapes was established such that there is no reasonable probability that an objection to the admission of the tapes on authenticity grounds would have been sustained.

Petitioner objects, claiming the redacted portion of the tape would also reveal him asking detectives to stop "harassing" him. As the Magistrate Judge noted, Petitioner has failed to present clear and convincing evidence to rebut the state court's factual finding as to the content of the redacted statements. The objection does not address the grounds on which the Magistrate Judge found that Petitioner is not entitled to relief. Upon review, this Court finds that Petitioner has failed to rebut the state court's conclusion as to the content of the statements, that the redacted statements would have been hurtful to the defense, that the audiotape was properly

authenticated, and therefore that any objection to the redaction or the authenticity of the tape would not have a reasonable probability of success. Therefore, this Court finds that the state court's conclusion that Petitioner failed to show cause of defense counsel's ineffective assistance was not contrary to or an unreasonable application of <u>Strickland</u>, nor was it based on an unreasonable determination of the facts.

IV.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases. The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."

Petitioner's arguments and objections have been reviewed. Petitioner has made no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge, Doc. 27, is ADOPTED and incorporated herein.

2.      The Petition for a Writ of Habeas Corpus, Doc. 1, is DENIED.

3.      A Certificate of Appealability is DENIED.

**DONE AND ORDERED** this  *2nd* day of September, 2010

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge